UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LAW OFFICES OF JOSEPH L. MANSON III,

      Plaintiff,

 -v-                                                                                           No.  19-CV-04392-LTS-GWG

KEIKO AOKI,

      Defendant.

-------------------------------------------------------x

## Memorandum Order

      Before the Court is Plaintiff's motion for reconsideration (docket entry no. 58) of the Court's January 3, 2020, Memorandum Order denying Defendant's motion to compel arbitration and granting Defendant's motion to stay the proceedings pending the arbitration of Plaintiff's claims ("January Order," docket entry no. 56).  The Court has considered the parties' submissions carefully and, for the following reasons, denies Plaintiff's motion.

      A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).  Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources."  In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted).  To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245,

1255 (2d Cir. 1992) (internal quotation marks omitted).  Plaintiff moves for reconsideration pursuant to Local Rule 6.3, which is "intended to ensure the finality of decisions and to prevent the practice of a losing party plugging the gaps of a lost motion with additional matters." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (internal citations omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)

    Plaintiff identifies no legal or factual basis justifying reconsideration of the January Order.  The Court did not overlook the pendency of Plaintiff's disqualification motion in deciding Defendant's motion to compel arbitration.  Plaintiff declined the opportunity to press that motion in connection with its opposition to Defendant's motion to compel, which was filed more than one month after Plaintiff filed its disqualification motion.  Magistrate Judge Gorenstein granted Plaintiff leave to file a motion to stay Defendant's motion to compel arbitration (docket entry no. 16), but Plaintiff similarly declined this opportunity to raise the arguments it now advances for the first time on reconsideration.

    Plaintiff has not identified any controlling authority—intervening or otherwise—that commands a result different than that reached in the Court's January Order.  Plaintiff has also failed to demonstrate any fundamental unfairness or "need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd., 956 F.2d at 1255 (internal quotation marks omitted).  Indeed, it is unclear whether this Court, as opposed to a court in the jurisdiction where the arbitration must occur, would be the proper forum for deciding Plaintiff's motion. See Dyntel Corp. v. Ebner, 120 F.3d 488, 489, 491 (4th Cir. 1997) (affirming district court decision

holding that "ethical charges should [be] resolved . . . where the contracts [dispute] underlying the ethics debate [is] taking place," and noting that "[i]t's for the judge who is presiding over a proceeding to decide whether there is an ethical problem in the quality of the representation of the parties").

Because Plaintiff has failed to demonstrate an intervening change of controlling law, the availability of material new evidence, or the need to correct a clear error or prevent a manifest injustice, the motion to reconsider the Court's January Order is denied.

This Memorandum Order resolves Docket Entry No. 58.

SO ORDERED.

Dated: New York, New York
      February 14, 2020

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge